Case 2:16-cv-00537   Document 20   Filed on 07/18/17 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUAN REYES RIVERA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-537 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner incarcerated at the Darrington Unit in Rosharon, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his October 15, 2009 Nueces County conviction for continuous sexual abuse of a child.[1] (D.E. 1). Pending is Respondent's Motion for Summary Judgment. (D.E. 17). Petitioner has failed to file a response. Pursuant to Local Rule 7.4, Petitioner's failure to file a response could be taken as a representation of no opposition. However, the undersigned has considered the merits of the pending motion. For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred. It is further recommended that a Certificate of Appealability be **DENIED**.

---

[1] Petitioner lists his date of judgment of conviction as November 15, 2009 in his petition. (D.E. 1, Page 2). However, the state court records indicate Petitioner was convicted on October 15, 2009. (D.E. 17-2, Page 4).

## I. JURISDICTION

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas. Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On October 15, 2009, Petitioner, after a jury trial, was convicted of continuous sexual abuse of a child and sentenced to life imprisonment without parole. (D.E. 17-2, Page 4). The Thirteenth Court of Appeals affirmed Petitioner's convictions on March 10, 2011. *Rivera v. State*, 13-09-00623-CR, 2011 WL 861128, at *10 (Tex. App.—Corpus Christi Mar. 10, 2011, pet. ref'd); (D.E. 18-5). On April 28, 2011, Petitioner filed a petition for discretionary review ("PDR") which the Texas Court of Criminal Appeals ("CCA") refused on July 27, 2011. *Rivera v. State of Texas*, PDR No. 635-11 (Tex. Crim. App. July 27, 2011); (D.E. 17-3, Page 5 and D.E. 18-18). Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on October 25, 2011, when the time for filing a petition for writ of certiorari expired 90 days later. *See* 28 U.S.C. § 2244(d)(1)(A). Approximately ten (10) months later, on August 27, 2012, Petitioner filed a state habeas application which was ultimately denied without written order on the findings of the trial court on October 30, 2013. (D.E. 17-3, Pages 3-8). On November 15, 2013, Petitioner filed a Motion for Reconsideration which was dismissed

on November 19, 2013.  (D.E. 17-3, Pages 10-11).  On December 9, 2013, Petitioner filed a Suggestion for Reconsideration which was dismissed on December 11, 2013.  (D.E. 17-3, Pages 12-13).  Just over three years later, on December 15, 2016, Petitioner filed the pending federal habeas petition.  (D.E. 1, Page 10).

On May 22, 2017, Petitioner, after being given leave to do so, filed an amended petition setting forth all his grounds for relief, along with an amended memorandum of law.  (D.E. 14 and D.E. 15).  On June 16, 2017, Respondent filed the pending for Summary Judgment.  (D.E. 17).  Petitioner's response was due on or before July 7, 2017.  Petitioner has failed to file a response.

### III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The undersigned agrees.  Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

(A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on October 25, 2011, when the time for filing a petition for writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Nguyen v. Thaler*, No. H-11-1077, 2012 WL 2499956, *2 (S.D. Tex. June 25, 2012)(citation omitted). As such, Petitioner had one year, until October 25, 2012, to timely file a federal application for habeas corpus relief. However, Petitioner's state habeas application tolled this period from August 27, 2012 to October 30, 2013 and his Motions for Reconsideration further tolled this period from November 15, 2013 to November 19, 2013 and from December 9, 2013 to December 11, 2013. (D.E. 17-3). Therefore, Petitioner's deadline to file a federal habeas petition expired in January 2014. However, Petitioner failed to file the pending federal habeas petition until December 15, 2016, almost three years too late. 28 U.S.C. §2244(d).

However, the one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)(*citing Manning v. Epps*, 688 F.3d 177, 183 (5th Cir.

2012)(citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013)(*citing Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)(It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")(citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999)(citation omitted).

In his amended petition, Petitioner asserts in January 2014, he or his family hired an attorney, Christopher Dorsey, to file a federal habeas petition on his behalf. (D.E. 15, Page 9). Petitioner further alleges he fired this attorney in April 2016 because he "realized that Mr. Dorsey was never going to file anything." (D.E. 15, Page 9). As a result, Petitioner asserts he should not be procedurally barred. However, Petitioner has offered no evidence that he hired counsel, when he hired counsel which is relevant as he may have done so after the limitations period had already expired, or, importantly, that his counsel actively misled him or otherwise kept him from filing a habeas petition. *Holland v. Fla.*, 560 U.S. 631, 652-53 (2010)(Equitable tolling applies where a petitioner is actively misled by his attorney; attorney negligence does not suffice). Additionally, Petitioner offers no explanation as to why he waited an additional eight (8) months after allegedly firing his attorney in April 2016 to file the pending federal petition in December 2016. (D.E. 15, Page 9). Further, ignorance of the law or lack of representation does not operate to toll the limitations period. *Turner*, 177 F.3d at 393. Petitioner fails to allege

sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner did not diligently pursue his rights, delaying approximately three years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

To the extent Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. (D.E. 15, Page 6). "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009)(citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000)(other citations omitted). However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013)(citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any

evidence in his petition, amended petition or supporting brief showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations. It appears from the Amended Petition that Petitioner alleges he faced similar charges in Comal County, which were ultimately dismissed in 2013, approximately four years after he was convicted of similar charges in Nueces County in 2009. (D.E. 15, Pages 9 and 14). Petitioner alleges the victim "recanted her sexual abuse allegations" at a hearing in Comal County Court on August 26, 2013. (D.E. 15, Page 14). However, Petitioner has not provided any evidence other than his own allegations that this testimony occurred, has not provided a transcript of this testimony, has failed to show how this testimony in Comal County is related to the underlying charges of his Nueces County conviction and has failed to demonstrate that the Comal County charges were dismissed because of this testimony. Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V.     RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 17) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED as time barred**. It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 18th day of July, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).